AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
02/25/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY



FILED
CLERK, U.S. DISTRICT COURT
02/25/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ARO_____ DEPUTY

United States of America,

v.

SERGIO PASTRANA ZURITA, also known as ("aka") "Sergio Pastrano,"

Defendant(s)

Case No. 8:26-mj-00128-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>November 30, 2022</u> in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

   *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

JARED BROMBERG, Deportation Officer, DHS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: February 25, 2026

City and state: Santa Ana, California

Judge's signature

Hon. JOHN D. EARLY, U.S. Magistrate Judge
Printed name and title

AUSA: Mark Takla

**AFFIDAVIT**

I, Jared Bromberg, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a complaint and arrest warrant against SERGIO PASTRANA ZURITA, also known as ("aka") "Sergio Pastrano" ("PASTRANA"), charging him with violating Title 8, United States Code, Section 1326(a) (Illegal Alien Found in the United States Following Deportation or Removal).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, data contained in Department of Homeland Security ("DHS") databases, the Alien File ("A-File") that is assigned to PASTRANA, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF JARED BROMBERG

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 2009. I am currently assigned to the Los

Angeles Enforcement and Removal Operations ("ERO") field office, Santa Ana sub-office. Prior to working as a DO with ICE, I worked as an Immigration Enforcement Agent with ICE since February 2007. Prior to working for ICE, I worked as a Customs and Border Protection Officer with United States Customs and Border Protection ("CBP") since July 2004. Prior to working for CBP, I worked as an Immigration Inspector for INS since August 2002.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about November 30, 2022, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that PASTRANA had recently been encountered by the Orange County Sheriff's Department. On or about November 29, 2022, PASTRANA was determined to be at the Orange County Jail in Santa Ana, California by Deportation Officer H. Carderella ("DO Carderella"). DO Carderella is authorized to enforce Immigration laws pursuant to Section 287(a) of the Immigration and Nationality Act. A Request For Advance Notification Of Release (Form I-247G) was issued against PASTRANA.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.   On or about January 13, 2026, I received a scanned copy via email of DHS A-File A208 581 791 (the "DHS A-File") that is held at the National Records Center ("NRC").

7.   On or about January 15, 2026, I reviewed the documents from the NRC from DHS A-File A208 581 791, which is maintained for subject alien PASTRANA.  This review revealed the following documents and information:

   a.   A Record of Deportable/Inadmissible Alien (Form I-213) dated on or about April 5, 2016, listing a Federal Bureau of Investigation number ("FBI number").  I compared the FBI number to the one listed on the electronic notification received from the PERC.  These documents list the same FBI number.  I thus believe that this DHS A-File and its contents corresponded to PASTRANA.

   b.   The following documents related to PASTRANA's removal:

      i.   A Notice and Order of Expedited Removal showing that PASTRANA was ordered removed from the United States by Adrian Suazo, Acting Watch Commander, on or about April 5, 2016.

      ii.  An executed Notice To Alien Ordered Removed/Departure Verification indicating that PASTRANA was officially removed from the United States on or about April 6, 2016.

      iii. An executed Warrant of Removal/Deportation (Form I-205) indicating that PASTRANA was officially removed from the United States on or about September 27, 2016.

   c. I know from my training and experience that a Warrant of Removal, a Warrant of Removal/Deportation, or a Notice To Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed or excluded from the United States by DHS (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The copy of the executed Notice To Alien Ordered Removed/Departure Verification and the copy of the executed Warrant of Removal/Deportation received from the NRC contained a photograph, signature, and fingerprint.

   d. A Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (Form I-867A) dated on or about April 5, 2016, indicates that PASTRANA admitted to being a citizen of Mexico.

  8. A review of the Public Access to Court Electronic Records (PACER) system revealed that PASTRANA was convicted of Illegal Entry, in violation of Title 8, United States Code, Section 1325(a)(1), on or about August 1, 2016, in the United States District Court for the District of Arizona, Tucson Division, case number 16-26430M, for which he was sentenced to 60 days of imprisonment.

  9. On or about January 15, 2026, I reviewed the DHS computer indices on PASTRANA.  Based on my training and experience, I know that the DHS computer indices track and document each time an alien is removed, deported, or excluded from the United States by DHS, was removed, deported, or excluded by the former INS, or is granted permission to enter or

re-enter the United States. The DHS computer indices confirmed that PASTRANA had been removed, deported, and/or excluded on or about the dates indicated on the copies of the Notice To Alien Ordered Removed/Departure Verification and Warrant of Removal/Deportation received from the NRC. The DHS computer indices further indicated that PASTRANA had not obtained from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States following his last deportation and removal.

10. Based on my review of the documents received from the NRC, I determined that they do not contain any record of PASTRANA receiving from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States following his last deportation and removal. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in the DHS A-File.

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that SERGIO PASTRANA ZURITA has committed a violation of Title 8, United States Code, Section 1326(a):
///

Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this  25th  day of February 2026.

_____
HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE